# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:14-cv-46-RLV
# (5:12-cr-14-RLV-DSC-1)

| | |
|---|---|
| NORBERT MATHEW PLAUD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1), and on Petitioner's Motion for Sentencing Transcript at Government's Expense, (Doc. No. 2).

Petitioner Norbert Mathew Plaud moves to vacate his conviction and sentence under 28 U.S.C. § 2255, arguing, in part, that his trial counsel, Cecilia Oseguera, failed to file a notice of appeal despite his repeated requests that counsel file a notice of appeal on his behalf. (Doc. No. 1 at 4). Respondent filed a Response on December 29, 2014. (Doc. No. 4). Respondent concedes in the Response that this Court should grant Petitioner's motion to vacate, in part; enter an amended judgment permitting Petition to file a timely notice of appeal; and dismiss Petitioner's remaining claim without prejudice.

## I.  BACKGROUND

On April 17, 2012, Petitioner was indicted by the Grand Jury for the Western District of North Carolina for one count of bank robbery by force and violence, in violation of 18 U.S.C. §

2113(a). (Crim. Case No. 5:12cr14, Doc. No. 1: Bill of Indictment). Thereafter, on August 13, 2012, Petitioner appeared with court-appointed counsel, Cecilia Oseguera, before Magistrate Judge David Keesler and entered a straight-up plea of guilty to the single count against him. See (Id., Doc. No. 12: Acceptance and Entry of Guilty Plea). On June 10, 2013, this Court sentenced Petitioner to 57 months' imprisonment to be followed by three years' supervised release, and ordered him to pay restitution in the amount of $2,845.00. Judgment was entered on June 18, 2013, and Petitioner did not appeal. (Id., Doc. No. 17: Judgment). Rather, on April 7, 2014, he filed the instant motion to vacate, asserting two claims of ineffective assistance of counsel, namely, that counsel failed to file an appeal on his behalf and failed to investigate his case. (Doc. No. 1 at 4-5).

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter and the Government's Response, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.     DISCUSSION

Here, Petitioner alleges that after his sentencing, he instructed counsel to file an appeal on his behalf but counsel failed to do so. See (Doc. No. 1 at 4). Where a defendant unequivocally instructs an attorney to file a timely notice of appeal, the attorney's failure to file the appeal is per se ineffective assistance of counsel. Prejudice to the defendant is presumed regardless of the

merits of the appeal or waiver of appellate rights.  See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985); United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).  Therefore, where a court is presented with conflicting verified statements on the issue of whether a defendant unequivocally requested that his counsel file a notice of appeal, the Fourth Circuit has directed that the court conduct an evidentiary hearing to resolve that question of fact.  See Poindexter, 492 F.3d at 273.  If, after conducting the evidentiary hearing, the Court determines that the petitioner did not unequivocally request that counsel file a notice of appeal, the petitioner's motion should be denied.  See id.

In its Response to Petitioner's motion to vacate, the Government asserts that even if it were to file a response supported by an affidavit in which Petitioner's former attorney denies that Petitioner requested that she file an appeal, at a minimum a factual dispute would still exist over whether Petitioner requested his counsel to file a direct appeal.  Respondent contends, therefore, that the appropriate remedy is for the Court to vacate the original judgment and enter a new judgment from which an appeal may be taken.  Respondent contends, additionally, that Petitioner's remaining claim should be dismissed without prejudice to his right to file another Section 2255 motion, if necessary, after a direct appeal.  See United States v. Killian, 22 Fed. App'x 300, 301 (4th Cir. 2011) ("Because [Petitioner] has never had a direct appeal, . . . taking further action on [his] motion beyond granting [the] Peak claim [would be] inappropriate.").

The Court agrees with Respondent that the Court's resources would best be served by granting the motion to vacate to the extent that Petitioner brings a claim for ineffective assistance of counsel based on counsel's failure to file a notice of appeal on Petitioner's behalf after Petitioner instructed him to do so.  The Court will, therefore, vacate the original judgment and

enter a new judgment from which an appeal may be taken, and the Court will dismiss Petitioner's remaining claim without prejudice.

Petitioner is hereby advised that he has the right to appeal his criminal case to the United States Fourth Circuit Court of Appeals. Should Petitioner choose to appeal, he must file a Notice of Appeal with the Clerk of Court for the United States District Court for the Western District of North Carolina within 14 (fourteen) calendar days after the date the Amended Judgment of conviction is filed or within 14 (fourteen) calendar days after any government appeal is filed, whichever is later. FED. R. APP. P. 4(b)(1)(A).

## IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's Motion to Vacate with respect to his claim for ineffective assistance of counsel based on counsel's failure to file a notice of appeal on Petitioner's behalf. The Court will amend the judgment so that Petitioner can file a timely notice of appeal with the Fourth Circuit Court of Appeals. The Court dismisses without prejudice the remaining claim in the petition.

**IT IS, THEREFORE, ORDERED** that:

1. The petition is **GRANTED** as to Petitioner's claim for ineffective assistance of counsel based on counsel's failure to file a notice of appeal on Petitioner's behalf.

2. The Court shall amend the judgment consistent with this Order, so that Petitioner may file a Notice of Appeal to the Fourth Circuit Court of Appeals.

3. Petitioner's remaining claim is dismissed without prejudice to Petitioner to refile the petition after the Fourth Circuit has adjudicated Petitioner's claim on appeal.

4. Petitioner's Motion for Sentencing Transcript at Government's Expense, (Doc. No.

2), is **DENIED** as moot since this civil action is being dismissed and because on December 17, 2014, the transcript was made part of the docket in Petitioner's criminal action before this Court.

Signed: January 7, 2015

Richard L. Voorhees
United States District Judge